UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x
INGRID MCKENZIE,

                    Plaintiff,

    -against-

GRAND CENTRAL PARTNERSHIP,

                    Defendant.
----------------------------------------x

**MEMORANDUM AND ORDER**

14-CV-6549 (KAM)(LB)

**Not for Publication**

**MATSUMOTO, United States District Judge:**

        Plaintiff Ingrid McKenzie ("plaintiff") commenced this action, *pro se*, on November 5, 2014, against Grand Central Partnership ("defendant"). (*See* ECF No. 1, Compl.) Plaintiff obtained counsel on February 2, 2015 and filed an amended complaint on March 23, 2015. The Amended Complaint alleges claims of employment discrimination on the basis of sex pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*, New York Executive Law § 296 ("NYSHRL"), and New York City Administrative Code § 8-107(1) ("NYCHRL"). (*See* ECF No. 16, Am. Compl.)

        Presently before the court is defendant's opposed motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), or alternatively Rule 12(d). For the reasons set forth herein, the court grants in part and denies in part defendant's motion to dismiss the Amended Complaint.

1

**BACKGROUND**

The following facts are taken from plaintiff's Amended Complaint and are assumed to be true for the purposes of the court's evaluation of defendant's motion to dismiss.

Defendant is a non-profit organization that manages a business improvement district in Manhattan, New York. (Am. Compl. ¶ 14.) Plaintiff is a West Indian, Trinidadian woman who was hired by defendant as a Public Safety Officer ("PSO") on or about August 7, 1998. (*Id.* ¶ 20.)

On a day that is unspecified in the Amended Complaint, Supervisor Harvey Rivers assigned plaintiff to deliver a light report to two PSOs at 41st Street and Park Avenue. (*Id.* ¶ 37.) Supervisor Kenneth Lynn observed plaintiff standing on Park Avenue for several minutes and confronted plaintiff for not doing her job and "hanging out." (*Id.* ¶ 38.) Supervisor Lynn reported to Supervisor Rivers that plaintiff was not doing her job and plaintiff was "written-up" for failure to perform her duties. (*Id.* ¶ 39.) As a consequence, plaintiff was suspended without pay. (*Id.* ¶ 40.) Plaintiff alleges that she was not "off post" and was performing her duties as assigned by Supervisor Rivers. (*Id.*) Plaintiff alleges that during the incident for which she was suspended, she was confronted by Supervisor Lynn while other male employees who were not assigned to the area were not confronted. (*Id.* ¶ 41.)

During an unspecified period, Supervisor Rivers also suspended PSOs Hudson and Nunez. (*Id*. ¶ 42.) Plaintiff alleges that PSOs Hudson and Nunez were given the opportunity to "make-up" their suspension by working to "make up" their lost compensation, but that plaintiff was not given such an opportunity. (*Id*.)

Plaintiff alleges that during the course of her employment, defendant had several vacancies for supervisor positions, but plaintiff was not promoted due to her gender. (*Id*. ¶ 46.) Plaintiff also alleges that defendant failed to post the vacancies for the supervisory positions in order to circumvent the promotion of female PSO agents. (*Id*. ¶ 47.) Plaintiff further alleges that less qualified male employees were assigned to supervisor positions. (*Id*. ¶ 48.) At an unspecified time, plaintiff alleges that she inquired why the supervisors were predominantly male. (*Id*. ¶ 51.) Plaintiff was informed that only former police officers were permitted to apply and that "only one female applied but never [returned]." (*Id*. ¶¶ 51-53.)

In or about 2002, defendant allegedly developed the sergeant position pursuant to an Equal Employment Opportunity Commission ("EEOC") investigation in order to change the way promotions were conducted for the supervisor positions. (*Id*. ¶ 55.) Plaintiff was promoted to sergeant after the position was created. (*Id*. ¶ 28.) Plaintiff was informed that when a

supervisor leaves or retires, sergeants would be promoted to the supervisor position. (*Id.* ¶ 56.) Plaintiff observed defendant promote male PSOs to supervisors without their first becoming sergeants. (*Id.*) Specifically, defendant promoted Kenneth Lynn, Alan Dent, Harvey Rivers, and Bright Kpeme to supervisor positions although they were not sergeants at the time of their promotion. (*Id.* ¶¶ 57-60.)

At a time that is unspecified in the Amended Complaint, Supervisor Kenneth Frawley retired. (*Id.* ¶ 61.) Plaintiff alleges that she was eligible for the promotion to the position that Mr. Frawley's retirement allegedly provided, but instead of promoting plaintiff, defendant "had Harvey Rivers work alone with other 'male' supervisors who received overtime." (*Id.* ¶ 61.) Plaintiff alleges that defendant failed to promote her because she was a woman. (*Id.*) Plaintiff also alleges that defendant did not hire any new officers. (*Id.* ¶ 62.)

On or about August 26, 2013, defendant created a PILOT program which converted three male supervisors from the sanitation department into supervisors for public safety. (*Id.* ¶ 62.) Plaintiff alleges that she was not promoted to the position of supervisor because of her sex. (*Id.* ¶ 63.) Plaintiff also notes that the only other female sergeant, Evelyn Trotman, has twenty years of experience and has been passed over for the supervisor position. (*Id.* ¶ 65.)

4

On October 7, 2013, plaintiff submitted a written complaint to Rochelle Patricof[1], Senior Vice President and Deputy General Counsel regarding defendant's failure to promote female sergeants to supervisor positions. (*Id.* ¶ 66.) The Amended Complaint alleges that plaintiff has been subjected to "greater employment scrutiny" after the submission of her complaint. (*Id.* ¶ 67.) Plaintiff has allegedly found herself subject to "frivolous employee write-ups" and has noticed that Supervisor Rivers "would follow her around more frequently when she was on duty." (*Id.* ¶ 68.)

On one unspecified occasion, Supervisor Rivers allegedly wrote plaintiff up for insubordination for using her mobile phone in a personal emergency relating to the death of a friend. (*Id.* ¶¶69-70.) On another occasion plaintiff was written up for failure to report to a specific location although the PSO and the "paid officer assigned to the area handled the situation." (*Id.* ¶ 71.) Plaintiff has not alleged whether being "written up" results in any loss of pay, benefits or alterations in her duties.

Plaintiff filed a charge of discrimination with the EEOC on November 11, 2013 and was issued a Right to Sue letter on

---

[1] Although the Amended Complaint names this individual as Rochelle Patricia, it is clear from plaintiff's original complaint (ECF No. 1) and the Affidavit of Rochelle Patricof (ECF No. 19-2) that the Amended Complaint refers to Rochelle Patricof.

5

October 14, 2014.  (*Id*. ¶ 6.)  Plaintiff commenced this action on November 5, 2014.

## STANDARD OF REVIEW

### I. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); Fed. R. Civ. P. 12(b)(6). This plausibility standard is guided by "[t]wo working principles." *Id*. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### II. Materials Outside the Pleadings

On a motion to dismiss, "'consideration is limited to the factual allegations in plaintiff's amended complaint, which are accepted as true, to documents attached to the complaint as

an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit.'" *Faconti v. Potter*, 242 F. App'x 775, 777 (2d Cir. 2007) (quoting *Brass v. American Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993))(internal alterations omitted). The Second Circuit has clarified that because the reliance standard "has been misinterpreted on occasion," "a plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)(citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)). "Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises a statutory bar as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (quoting *Conopco, Inc. v. Roll Int'l,* 231 F.3d 82, 86 (2d Cir. 2000)) (emphasis and internal punctuation omitted).

**DISCUSSION**

Defendant moves to dismiss the Amended Complaint on the grounds that plaintiff's claims are barred by the relevant statutes of limitations and that plaintiff fails to state a plausible claim of employment discrimination. (ECF No. 19-1, Mem. of Law in Support of Def.'s Mot. to Dismiss Pl.'s First Am. Compl. ("Def.'s Mem.").)

I.  **Statute of Limitations[2]**

As an initial matter, the court addresses whether it may consider the affidavit of Rochelle Patricof and the exhibits attached thereto (ECF No. 19-2), the affidavit of Marc A. Wurzel and the exhibits attached thereto (ECF No. 19-3), plaintiff's Exhibit A (ECF No. 19-5), and the supplemental affidavit of Marc A. Wurzel (ECF No. 19-7) in deciding defendant's motion to dismiss. The court declines to consider these affidavits and exhibits, because the amended complaint did not attach any of these documents, they were not incorporated by reference into the amended complaint, and the amended complaint does not rely on the "terms and effect" of any of the documents referenced above.

---

[2] Defendant also asserts that plaintiff's claims are time-barred, because she failed to file suit within ninety days of September 30, 2008, when she was issued a Right to Sue letter in connection with her December 5, 2006 EEOC complaint. (Def.'s Mem. at 9-10.) Defendant's argument is unavailing because plaintiff commenced this case pursuant to a Right to Sue letter that was issued on October 14, 2014 in connection with her November 11, 2013 EEOC complaint. (*See* Am. Compl. Exh. A.) To the extent certain of plaintiff's claims in the instant suit repeat allegations made in her December 5, 2006 EEOC complaint, they are barred by the statutes of limitations, and the court proceeds by applying the statutes of limitations analysis.

Furthermore, the court may not take judicial notice of any of the above-referenced affidavits and exhibits, because they are not public documents whose "accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Even if the court were to take judicial notice of any of the above-mentioned documents, it can only do so "in order to determine what statements [the document] contained . . . 'not for the truth of the matters asserted.'" *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007)(quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).

Defendant contends that the court should convert its motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d) and notes that defendant has provided notice of its intention to move pursuant to Rule 12(d). (*See* Def.'s Mem. at 3 n.2; ECF No. 19-6, Def.'s Reply Mem. in Support of Its Mot. to Dismiss Pl.'s First Am. Compl. ("Def.'s Reply") at 8-9.) Rule 12(d) provides in relevant part that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion" before treating a motion under Rule 12(b)(6) as one for summary judgment under Rule 56.

With respect to plaintiff's failure to promote claim in connection with Supervisor Kenneth Frawley's retirement and implementation of the PILOT program, plaintiff, in her

9

opposition, contends that "the discriminatory act took place on or about August 26, 2013 when she learned that the vacancy left by the retirement of Supervisor Frawley was filled by the creation of the PILOT program."  (ECF No. 19-4, Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss ("Pl.'s Mem.") at 12.) Plaintiff specifically requests discovery as to the date of Mr. Frawley's retirement and thus has not had a reasonable opportunity to confirm or challenge the reliability of the statements in the defendant's affidavits and present all material that would be pertinent to an opposition to summary judgment. (Pl.'s Mem. at 12.)

Consequently, the court denies, without prejudice to move for summary judgment, defendant's motion to dismiss on statute of limitations grounds plaintiff's failure to promote claim based upon Kenneth Frawley's retirement.  The court also denies, without prejudice, defendant's motion to dismiss plaintiff's retaliation claim related to her complaint to Rochelle Patricof on statute of limitations grounds.  Plaintiff failed to oppose defendant's arguments with respect to her remaining claims, which are deemed abandoned, and thus the court finds that only two of the claims in her amended complaint are timely: her failure to promote claim based upon Kenneth Frawley's retirement and her retaliation claim related to her complaint to Rochelle Patricof.  The court, consequently, dismisses all other

claims alleged in the complaint as time-barred, specifically plaintiff's claim of discriminatory disciplinary action on May 1, 2006; and defendant's promotion of Mr. Lind on August 14, 2002, Mr. Dent on May 9, 2003, Mr. Rivers on March 7, 2005, and Mr. Kpeme on May 16, 2006. *See Adams v. N.Y. State Educ. Dep't*, 752 F. Supp. 2d 420, 452 N. 32 (S.D.N.Y. 2010) (claim deemed abandoned because plaintiff did not respond to, or even mention, claim in opposition to defendants' motion to dismiss).

**II. Plausibility of Employment Discrimination Claims**

Here, the court construes the amended complaint to allege two distinct claims of discrimination that are not time-barred: (1) plaintiff was passed over for Mr. Frawley's supervisor position due to sex discrimination; and (3) plaintiff was subjected to retaliation after she complained in October 2013 that female sergeants were not being promoted to supervisors.

A. <u>Failure to promote</u>

To establish a *prima facie* case of disparate treatment with respect to a failure-to-promote claim under Title VII, a plaintiff must show that: "(1) she is a member of a protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Estate of Hamilton v. City of New York,* 627

F.3d 50, 55 (2d Cir. 2010) (quoting *Petrosino v. Bell Atl.*, 385 F.3d 210, 226 (2d Cir. 2004). This general rule, however, is "subject to modification where the facts of a particular case make an allegation of a specific application a quixotic requirement." *Brown v. Coach Stores, Inc.*, 163 F.3d 706, 710 (2d Cir. 1998). Specifically, a plaintiff who has indicated an interest in being promoted to a particular class of positions but was unaware of specific available positions because the employer never posted them is not required to show that she applied for the specific job at issue. *See Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 129 (2d Cir. 2004) (plaintiff's general expression of interest may satisfy the requirement that the employee apply for the position where defendant did not contest that the position plaintiff sought was not advertised by defendant, as it was customary for the company to do so); *Mauro v. S. New England Telecomms., Inc.*, 208 F.3d 384, 387 (2d Cir. 2000) (plaintiff "clearly indicated his interest in a promotion," thus satisfying the application requirement although the job was never posted).

The court finds that the Amended Complaint adequately alleges a plausible failure to promote claim. Plaintiff has adequately alleged, and defendant does not dispute, that she is qualified for the supervisor position. The Amended Complaint alleges that plaintiff has held the title of sergeant since 2002

12

and that when supervisors leave or retire, sergeants may be promoted to supervisors. (Am. Compl. ¶¶ 55-56.) Where, as here, plaintiff has alleged that defendant failed to post vacancies, plaintiff may satisfy her pleading requirements by alleging that she indicated a general interest in being promoted to the supervisor position. *See Williams*, 368 F.3d at 129; *Mauro*, 208 F.3d at 387. Plaintiff allegedly inquired as to why the supervisory staff was predominantly male on at least one unspecified occasion (Am. Compl. ¶ 51) and complained in October 2013 of defendant's failure to promote female sergeants to supervisory positions (*id*. ¶ 66). Plaintiff's repeated inquiries about promotion opportunities to the supervisor position are enough to indicate general interest in her promotion. Consequently, the court denies dismissal of plaintiff's failure to promote claim in connection with the position vacated by Mr. Frawley's retirement.

B. Retaliation

In order to state a retaliation claim under Title VII, a plaintiff must allege "(1) she engaged in protected activity; (2) the employer was aware of this activity; (3) the employee suffered a materially adverse employment action; and (4) there was a causal connection between the alleged adverse action and the protected activity." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (per

curiam) (quoting *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012)). In the context of a Title VII retaliation claim, "an adverse employment action is any action that 'could well dissuade reasonable worker from making or supporting a charge of discrimination'" and "covers a broader range of conduct than does the adverse-action standard for claims of [substantive] discrimination under Title VII." *Vega v. Hempstead Union Free School Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)). A plaintiff can adequately plead a causal connection indirectly by pleading that "protected activity [was] followed closely in time by adverse employment action." *Id*. (citation omitted). To survive a motion to dismiss a retaliation claim under Title VII, an employee "need not specifically plead every element;" she must allege just enough factual matter to "render [the] retaliation claims plausible." *Reid v. Ingerman Smith LLP,* 876 F. Supp. 2d 176, 187 (E.D.N.Y. 2012) (citing *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 71–72 (2d Cir. 2006)).

It is undisputed that plaintiff's alleged written complaint in October 2013 to Rochelle Patricof regarding defendant's failure to promote female sergeants to supervisors constitutes protected activity, and that defendant was aware of the activity. *See Littlejohn v. City of New York*, 795 F.3d 297, 317 (2d Cir. 2015) (noting that Title VII "protects formal as

well as informal protests of discriminatory employment practices, including making complaints to management . . .") (internal brackets and citation omitted).  The court finds that plaintiff's allegations that she was subject to closer scrutiny, including frivolous employee write-ups, could well dissuade a reasonable worker from making or supporting a charge of discrimination and thus plausibly states an adverse employment action at the pleading stage.  *Cf. Vega*, 801 F.3d at 91 (finding that assignment of notoriously absent students and failure to notify plaintiff of curriculum change each constitute adverse employment actions).  Although plaintiff does not allege the precise time period for when she was subjected to closer scrutiny, the court finds that she has alleged sufficient factual matter to plausibly state a causal connection between her protected activity and retaliatory actions by defendant.

## **CONCLUSION**

For the reasons stated herein, the court grants in part and denies in part defendant's motion to dismiss.  The court denies defendant's motion with respect to plaintiff's failure to promote claim based upon Kenneth Frawley's retirement and her retaliation claim related to her complaint to Rochelle Patricof.  The court dismisses the remainder of the claims alleged in the complaint as time-barred, specifically plaintiff's claim of discriminatory disciplinary action on May 1, 2006; and
15

defendant's promotion of Mr. Lind on August 14, 2002, Mr. Dent on May 9, 2003, Mr. Rivers on March 7, 2005, and Mr. Kpeme on May 16, 2006.

The parties shall confer as to the scheduling of a settlement conference before Magistrate Judge Bloom.  Thereafter, the parties shall arrange for a telephone status conference with this court on April 7, 2016 at 3:00 p.m.  The parties shall call into chambers at 718-613-2180 when all parties are on the line.

**SO ORDERED.**

_____/s/_____
**KIYO A. MATSUMOTO**
United States District Judge

Dated: Brooklyn, New York
       March 25, 2016